UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY ENGLISH,

                Plaintiff,         Civil Action No. 19-12933
                                          Honorable David M. Lawson
v.                                               Magistrate Judge David R. Grand

U.I.A. OF MICHIGAN,

                Defendant.

_____/

**REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*,
PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

**I.    RECOMMENDATION**

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6, PageID.18.)

Plaintiff Troy English ("English") has been granted leave to proceed *in forma pauperis* in this matter. (ECF No. 4, PageID.15.) The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e), **IT IS RECOMMENDED** that English's complaint be dismissed *sua sponte* with prejudice.

**II.    REPORT**

    **A.    Background**

On October 7, 2019, English filed his complaint in this case against the Michigan Unemployment Insurance Agency ("UIA"). (ECF No. 1, PageID.1.) English asserts federal question jurisdiction over his allegations, but, when asked, failed to list any

"specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (ECF No. 1, PageID.3-4.) And, for his Statement of Claim, English says only:

> I filed for a UIA claim, in June 2017 for being on medical in which I did not know you could file for that reason in which the UIA Agency told me that I cannot file or receive benefits for that reason, so I would like to sue the UIA for benefits.

(ECF No. 1, PageID.5.) Apparently, then, English seeks to recover unemployment benefit "payments for the year 7/27/2016-7/27/2017," which he characterizes as "backpay," in the amount of $19,844.00. (ECF No. 1, PageID.5-6.)

### B. Analysis

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court is required to construe English's *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney. *See Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, because English seeks monetary relief against a defendant who is immune from such relief, his complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"Recipients of unemployment compensation have constitutionally-protected property interests in unemployment benefits." *Cahoo v. SAS Analytics Inc.*, 912 F.3d

887, 900 (6th Cir. 2019).  Nevertheless, a claimant whose application for those benefits is denied by a state unemployment agency may not sue that agency in federal court as a means of challenging the denial because, under the Eleventh Amendment to the United States Constitution, those agencies are immune from suit for "backward-looking" monetary relief.  *See Zynda v. Arwood*, 175 F. Supp. 3d 791, 800-01 (E.D. Mich. 2016) (dismissing claims against UIA officials that sought a "backward-looking award of compensatory damages … 'measured in terms of monetary loss resulting from past breach of a legal duty on the part of the [state unemployment insurance agency] officials'" because such claims are barred by the Eleventh Amendment) (quoting *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)).

>    The Eleventh Amendment states:
>
>> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  This constitutional provision has been interpreted to bar suits in federal courts against a state, its agencies, and officials sued in their official capacities, unless immunity has been expressly waived by the state or Congress.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  Moreover, a state's consent to suit in federal court must be "unequivocally expressed."  *Id.*

It is undisputed that the State of Michigan has not waived its right to immunity from civil suit in federal court.  *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).  And, although the basis of English's claims against the UIA is not

3

entirely clear,[1] what is clear is that he is seeking to recover unemployment compensation benefits he claims the UIA should have paid him.[2] Because English is attempting to sue the UIA in federal court to recover these backward-looking unemployment benefits, his claims are barred by Eleventh Amendment immunity and should be dismissed with prejudice. *See, e.g., Phillips v. New York State Dep't of Labor Unemployment Ins. Appeal Bd.*, No. 11 Civ. 1633 (JS), 2011 WL 2837499, at *2 (E.D.N.Y. July 12, 2011) ("The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity."); *Felix v. Wisconsin Unemployment Ins. Div.*, No. 15-CV-1022, 2015 WL 9480459, at *1 (E.D. Wis. Dec. 28, 2015) (finding that claim against state unemployment agency for allegedly wrongfully denied benefits was barred by the

---

[1] On the Civil Cover Sheet he submitted with his complaint, under Nature of Suit, English checked boxes for "446 Amer. w/Disabilities Other," "790 Other Labor Litigation," and "864 SSID Title XVI." (ECF No. 1, PageID.8.) Elsewhere, he briefly describes his cause of action as one for an unspecified type of "Discrimination." (*Id.*) English's complaint is entirely devoid of factual support for any such claims, however, which provides an independent basis for dismissing the claims pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that in order to state a claim for relief a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Moreover, to the extent English seeks to plead claims against the UIA under the Americans with Disabilities Act, or for discrimination under 42 U.S.C. § 1983, such claims are also barred by Eleventh Amendment immunity. *See Farhat v. Michigan Dep't of Corr.*, No. 12-10864, 2012 WL 5874813, at *3 (E.D. Mich. Nov. 20, 2012) (State of Michigan has Eleventh Amendment immunity against ADA claims in federal court); *Frazier v. Linsley*, No. 19-10844, 2019 WL 1571041, at *4 (E.D. Mich. Apr. 11, 2019) (state employees entitled to Eleventh Amendment immunity against civil rights actions brought under § 1983 in federal court).

[2] English's entitlement to these unemployment benefits is governed by state law – specifically, the Michigan Employment Security Act – which provides for appeal of the denial of a claim for unemployment benefits to the state "circuit court in the county in which the claimant resides or the circuit court in the county in which the claimant's place of employment is or was located …." M.C.L. § 421.38.

Eleventh Amendment); *Zynda*, 175 F. Supp. 3d at 800-01; *Harrison v. Commonwealth of Pennsylvania Unemployment Office*, No. CIV. A. 97-1115, 1997 WL 109646, at *1 (E.D. Pa. Mar. 4, 1997) ("the defendant Commonwealth of Pennsylvania Unemployment Office is a state agency and immune from suit for damages under the 11th Amendment."); *Cahoo v. SAS Inst. Inc.*, 322 F. Supp. 3d 772, 789 (E.D. Mich. 2018), *aff'd in part, rev'd in part on other grounds and remanded sub nom. Cahoo*, 912 F.3d 887 (6th Cir. 2019) ("Joining the State in a suit for money damages would be problematic for the plaintiffs, of course, because the State enjoys sovereign immunity."); *Foreman v. General Motors Corp.*, 473 F. Supp. 166, 182-84 (E.D. Mich. 1979).

### III.     CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that English's complaint be **DISMISSED** in its entirety and with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)**.**

Dated: October 29, 2019                             s/David R. Grand
Ann Arbor, Michigan                                 DAVID R. GRAND
                                                    United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Order and Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(a) and (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing

of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2019.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager