UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY ENGLISH,

    Plaintiff,

v.

    Case Number 19-12933
    Honorable David M. Lawson
    Magistrate Judge David R. Grand

U.I.A. OF MICHIGAN,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DISMISSING COMPLAINT

Plaintiff Troy English filed a complaint against the Michigan Unemployment Insurance Agency for benefits he characterizes as "back pay." He was allowed to proceed without prepayment of fees, and the case was referred to Magistrate Judge David Grand for pretrial management. Judge Grand filed a report on October 9, 2019 recommending that the complaint be dismissed because the defendant is a state agency that is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. English filed timely objections, and the case is now before the Court for fresh review.

I.

English used a preprinted form to file his complaint. When asked for the basis of federal jurisdiction, he checked the box that stated "Federal question," but he left blank the section asking him to list the citations to federal law or the Constitution on which he was relying. For the basis of his claim, he wrote:

> I filed for a UIA claim, in June 2017 for being on medical in which I did not know you could file for that reason in which the UIA Agency told me that I cannot file or receive benefits for that reason, so I would like to sue the UIA, for benefits

He asks for payment of $19,844, which he says amounts to benefits from July 27, 2016 through July 27, 2017.

With his complaint, English also filed an application to waive the prepayment of fees, alleging that he could not afford to pay them in advance. The Court granted the application to allow English to proceed as a pauper.

When a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Judge Grand screened the case, as he was required to do, and determined that English could not proceed because the only defendant he sued is immune from suit. He recommended that the case be dismissed.

II.

English objected to this recommendation. When objections are filed, the Court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), and determine whether the recommendation should be accepted, rejected, or modified in whole or in part, 28 U.S.C. § 636(b)(1). "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

English's objections do not tell us much. This is what he wrote. First objection: "My name

is Troy English, and I received paper case No. 19-12933, and Magistrate Judge David R. Grand dismissed the case about the UIA agency paying me benefits from 7/27/16 through 7/27/17, in which I went on medical then finding out that my company II Enterprises fired me on 5/1/17, in which I did not know that you can apply for benefits, I was released from my doctor that I could go back to work, on 6/22/17, in which I had know job, so I would like to protest/appeal the judges decision, on this case." (not cleaned up).

Second objection: "My name is Troy English and I received papers on the case No. 10-12933 [sic] to be dismissed by Judge David R. Grand, and I am object to and seek review of this order and report and recommendation."

These objections do not explain why English thinks Judge Grand was wrong when he recommended that the complaint be dismissed as frivolous because the defendant is immune from suit.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim based on federal law against a state actor, a plaintiff

generally invoked 42 U.S.C. § 1983. Under that statute, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

English's complaint says nothing about why he should be able to recover his "back pay." He has not pointed to any federal law, he did not say what the U.I.A. did wrong, and he did not explain why he thinks he is entitled to any benefits at all. His complaint does not inform anyone — not the U.I.A. or the Court — why he thinks he should be entitled to benefits, or why any federal law would require that the U.I.A. be ordered to pay them.

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[ ] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

And, as Judge Grand explained, this Court does not have the authority to order the U.I.A. to pay those benefits in any event because that state agency is immune from suit in this Court. English has not stated a plausible claim against the U.I.A., because the Eleventh Amendment bars suits against a state and its departments unless the state has consented to suit. *Pennhurst State Sch.*

*& Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Moreover, "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp.*, 987 F.2d at 381). The U.I.A. therefore is immune from suit.

### III.

After a *de novo* review of the entire record, it is apparent that the magistrate judge applied the correct law in reaching his conclusion. The Court has considered the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 7) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 9, 10) are **OVERRULED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: December 18, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 18, 2019.

      s/Susan K. Pinkowski
      SUSAN K. PINKOWSKI